## Lester, Appellant, *v.* Pennsylvania Labor Relations Board.

Argued April 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Joseph Mieszkowski,* with him *Robert J. Doran,* for appellant.

*George L. Reed,* Solicitor, Pennsylvania Labor Relations Board, with him *M. Louise Rutherford,* Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

Opinion by Mr. Justice Allen M. Stearne, May 22, 1950:

The question is whether the findings of fact by the Pennsylvania Labor Relations Board are sufficiently supported by the evidence. An employe of appellant was discharged. The issue of fact before the Board was whether such termination of employment was lawfully accomplished for just cause or because of the employe's labor union activities. The latter charge, if true, would constitute a violation of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended, 43 PS 211.6. Upon hearing the Board found that the discharge was due to the employe's labor union activities, and issued a cease and desist order and directed the reinstatement of the employe. On review the order of the Board was affirmed by the court below. This appeal followed.

The scope of the present review is defined in *P. L. R. B. v. Kaufmann Dept. Stores, Inc.*, 345 Pa. 398, 399, 29 A. 2d 90: "The amendatory act of June 9, 1939, P. L. 293, section 9 (b), provides that 'the findings of the board as to the facts, if supported by substantial and legally credible evidence, shall . . . be conclusive.' This means that it is the function of the board not only to appraise conflicting evidence, to determine the credibility of witnesses, and to resolve primary issues of fact, but also to draw inferences from the established facts and circumstances: [citing cases]."

It would seem unnecessary to recite and discuss in detail the conflicting evidence. In summary: in seeking to justify the discharge the employer charged the employe with too frequent absenteeism; the irregular (but not dishonest) securing of automobile parts for use on his own automobile and also disobedience. The employe testified that there had been no complaints made to him, but on the contrary, about two weeks before the discharge, when he had expressed his intention to quit, he

had been asked by his employer's foreman to remain; that on September 3, 1948, the employe joined a labor union; on the same day he secured twenty-one signatures of other employes to a petition to organize a union; the employe and the twenty-one signers of the petition met that evening in the union headquarters and eighteen members signed cards appointing the union as their bargaining representative. On the following day the employe was discharged. The foreman would not tell the employe the reason for his discharge.

Our review of the testimony convinces us that there was sufficient substantial and legally credible evidence to sustain the findings: *Chapin v. Pennsylvania Labor Relations Board,* 356 Pa. 577, 52 A. 2d 568.

Decree affirmed at the cost of appellant.