Pennsylvania Labor Relations Board, Appellant, *v.* Daum.

Argued May 26, 1950. Before DREW, C. J., STERN, STEARNE and JONES, JJ.

*George L. Reed,* Solicitor, Pennsylvania Labor Relations Board, with him *M. Louise Rutherford,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*A. B. Jobson,* with him *Samuel N. Mogilowitz* and *Breene & Jobson,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 26, 1950:

The sole question raised by this appeal is whether the findings of fact by the Pennsylvania Labor Relations Board are supported by substantial and legally credible evidence. The court below ruled that they were not thus supported and sustained the appeal of the employer. This appeal followed.

This Court in *Lester v. The Pennsylvania Labor Relations Board,* 364 Pa. 541, 73 A. 2d 681, stated the well established rule that findings of fact by a Labor Relations Board are conclusive if supported by substantial and legally credible evidence. We have repeatedly held that the function of the Board is to appraise conflicting evidence, to determine the credibility of witnesses, to resolve primary issues of fact and to draw inferences from the established facts and circumstances. It is unnecessary to again cite the applicable statute and decisions.

The factual issue is whether the employer was guilty of unfair labor practices because of his objection to his employes' union memberships or activities and his object to discourage membership in the union, or whether the employment was lawfully terminated for just cause. The Labor Board found as a fact that the discharges were occasioned because of the employes' membership

and activities in the labor union. The court below, upon review, sustained exceptions to the order of the Board on the ground that the findings were not supported by substantial and legally credible evidence. With this we disagree. While there is testimony that the discharges were accomplished for just cause *the testimony is conflicting.* Ample testimony was produced that the employer informed his employes that he ". . . won't have a union man on [his] trucks"; that the employes would have to get other jobs ". . . if [they] joined the union"; and ". . . if [the employes] were going to go with the union [they] could go with the union or stay with him. . . ." An employe testified concerning a conversation between him and his employer as follows: " '. . . are you going to go along with me or the union?' I said, 'The union.' He said, 'I will have to discharge you and give you your money.' "

From the established facts and circumstances the inference of the Board was sufficiently supported that the true reason for the discharges was not for just cause but because employes joined the labor union and participated in its activities.

Decree reversed. Costs to be paid by appellee.