# Pennsylvania Labor Relations Board v. Clearfield Dry Goods, Inc.

*Robert E. Woodside*, Attorney General, *M. Louise Rutherford*, Deputy Attorney General and *George R. Reed*, for Pennsylvania Labor Relations Board.

*Boulton, Nevling, David & Lee*, for defendant.

WRIGHT, P. J. (specially presiding), September 1, 1951.—We are here passing upon a petition of Clearfield Dry Goods, Inc., for review of an order of the Pennsylvania Labor Relations Board, together with a petition of the board for enforcement of the order. The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, establishes the board as the fact-finding body. It is the function of the board to appraise conflicting evidence, to determine the credibility of witnesses, to resolve primary issues of fact and to draw inferences from the established facts and circumstances. The only question for the court to determine is whether the findings of fact made by the board are supported by substantial and legally credible evidence: Pennsylvania Labor Relations Board v. Daum, 365 Pa. 285.

This case has been extensively and ably argued and

briefed by counsel for both sides. The entire controversy turns on a determination of the motivating cause for Edna Henchbarger's discharge on October 25, 1950. No useful purpose would be served by a detailed recital of the testimony. The board found as a fact that Clearfield Dry Goods, Inc., terminated Edna Henchbarger's employment "because of her known membership in, association with, and activities on behalf of a labor organization and for the purpose of discouraging membership therein". Our review of the record convinces us that there was sufficient substantial and legally credible evidence to sustain this finding as well as the other findings of the board.

One other matter should be mentioned. The petition or charge was filed with the board on October 30, 1950. In evaluating the employer's motive, the board considered statements made on September 14, 1950. Counsel for Clearfield Dry Goods, Inc., contends that this contravenes section 9(e) of the Pennsylvania Labor Relations Act as amended, 43 PS §211.9, which reads, inter alia, as follows:

"No petition or charge shall be entertained which relates to acts which occurred or statements which were made more than six weeks prior to the filing of the petition or charge".

In our opinion, and we so rule, the legislature intended by this language merely to limit the time within which to complain about an alleged unfair labor practice, and not to restrict the board in matters of evidence. Our interpretation agrees with that of Judge Henninger in the unreported case of Allen Laundry, Inc., C. P. of Lehigh County, June term, 1941, no. 85.

## Decree

Now, September 1, 1951, pursuant to the foregoing opinion, the petition for review is dismissed, and the petition for enforcement is granted.